CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 25 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD JAMES EGAN, SR., <br> Plaintiff, | ) <br> ) Civil Action No. 7:05CV00280 <br> ) |
| v. | ) MEMORANDUM OPINION <br> ) |
| GERALD R. HOLT, et al., <br> Defendants. | ) By: Hon. Glen E. Conrad <br> ) United States District Judge |

Edward James Egan Sr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Sheriff of the County of Roanoke, Gerald R. Holt, and other medical and non-medical employees of the Roanoke County Jail.[1] The case is presently before the court on the parties' cross-motions for summary judgment. For the following reasons, the defendants' motion will be granted and the plaintiff's motion will be denied.

## Background

The plaintiff filed the present action on May 9, 2005. At that time, the plaintiff was incarcerated at the Roanoke County Jail. The plaintiff had been incarcerated at the jail since July of 2003.[2]

In his complaint, the plaintiff contends that he was denied adequate medical care for the following three conditions: rectal bleeding, scabies, and a spider bite. Specifically, the plaintiff alleges that, soon after he arrived at the jail, he began bleeding from his rectum. He further alleges that despite daily requests for medical care, he received no treatment for this problem

---

[1] The court notes that during the pendency of this case, some confusion arose as to whether all of the defendants named in the plaintiff's complaint were served. On April 27, 2006, counsel for Sheriff Holt, Dr. John Priddy, and Dr. Edwin Palverino advised the court that the unserved defendants would rely upon the motion for summary judgment previously filed by Holt, Priddy, and Palverino. The court subsequently gave the plaintiff an additional twenty-day period in which to respond to the motion for summary judgment and/or the April 27, 2006 filing.

[2] The plaintiff is now incarcerated at Wallens Ridge State Prison.

until some time in 2004. The plaintiff also alleges that, some time in late 2003, he contracted scabies, a skin condition, while he was incarcerated at the jail. He further alleges that the condition was not properly cared for, despite repeated requests for treatment. Finally, the plaintiff alleges that he suffered a spider bite while he was incarcerated at the jail in the summer of 2003, and that the bite was not properly treated.

## Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In accordance with Rule 56(c), summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## Discussion

In order to establish a constitutional violation for inadequate medical treatment, an inmate must show that jail officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the jail officials must know of and disregard an excessive risk to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical

2

malpractice do not present constitutional deprivations. Id. at 105-06. Likewise, questions of medical judgment are not subject to judicial review, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975), and disagreements between an inmate and a physician over the inmate's proper medical care do not state a claim under § 1983 unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Additionally, a medical treatment claim cannot be brought against a non-medical official unless the plaintiff shows that the non-medical official was personally involved with the denial of medical treatment, deliberately interfered with the jail physician's performance, or tacitly authorized or was indifferent to the physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990).

A.  Medical Defendants

Having reviewed the record, the court concludes that the medical defendants are entitled to summary judgment. Even assuming that the plaintiff's conditions were sufficiently serious, the plaintiff has failed to show that the medical defendants acted with deliberate indifference to his medical needs. It is undisputed that during the plaintiff's 683-day period of incarceration at the jail, medical staff members responded to 620 requests for medical treatment by the plaintiff. Moreover, the plaintiff was evaluated and/or treated by jail physicians on twenty-two separate occasions. The plaintiff was also treated by outside physicians on twenty-four occasions, including nine examinations by a cardiologist, twelve examinations by a surgeon, two examinations by an orthopedist, and one trip to the emergency room of a local hospital.

Although the plaintiff alleges that he suffered from rectal bleeding for over a year before receiving treatment, the plaintiff's medical records indicate that his hemorrhoid condition was discussed with the jail's physician as early as July 16, 2003, and that the plaintiff was treated with hemorrhoidal suppositories. Additionally, the plaintiff's medical records indicate that he

3

was transported to the surgical clinic at Roanoke Memorial Hospital for evaluation and/or treatment on multiple occasions, including October 21, 2003, December 12, 2003, March 12, 2004, June 22, 2004, and July 20, 2004, and that the plaintiff ultimately underwent hemorrhoid surgery.

The plaintiff's medical records also indicate that he was examined and treated for the spider bite on his neck, a skin condition or rash, and a staph infection. According to the plaintiff's requests for medical treatment, the plaintiff repeatedly requested and received a hydrocortisone cream and/or an antibiotic ointment. The plaintiff was also prescribed other medications for these conditions. Additionally, the plaintiff was examined by the jail's physician and an outside physician for the staph infection.

While the plaintiff may disagree with the medical defendants' assessment of his medical problems, or the types of treatment that they chose to provide, such disagreements fail to state a claim for deliberate indifference. See Wright, 766 F.2d at 849. Even assuming that the medical defendants acted negligently in diagnosing or treating the plaintiff's problems, neither negligence nor malpractice is actionable under § 1983. See Estelle, 429 U.S. at 105. Because the plaintiff has failed to show that the medical defendants acted with deliberate indifference to his medical problems, the court concludes that the medical defendants are entitled to summary judgment.

B. Non-medical Defendants

The court also concludes that the non-medical defendants are entitled to summary judgment. As previously stated, a medical treatment claim cannot be brought against non-medical officials unless the plaintiff shows that the non-medical officials were personally involved with the denial of medical treatment, deliberately interfered with the jail physician's

4

performance, or tacitly authorized or were indifferent to the physician's constitutional violations. Miltier, 896 F.2d at 851-852. In this case, there is simply no evidence that the non-medical defendants were personally involved with the denial of medical treatment. Moreover, the plaintiff makes no allegation that the non-medical defendants interfered with the treatment provided by the jail's health care providers, or that they tacitly authorized the health care providers to provide grossly incompetent medical treatment.

## Conclusion

For these reasons, the court concludes that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law.[3] Accordingly, the defendants' motion for summary judgment will be granted and the plaintiff's motion for summary judgment will be denied. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

ENTER: This 25th day of May, 2006.

*/s/ [signature]*
United States District Judge

---

[3] Having reached this decision, the court will deny the pending motion for a jury trial filed by the plaintiff. Moreover, inasmuch as the court finds no merit to the plaintiff's allegation that the defendants violated Rule 56(g) of the Federal Rules of Civil Procedure, the plaintiff's motion for sanctions will be denied.

Case 7:05-cv-00280-GEC-PMS   Document 83   Filed 05/25/06   Page 5 of 5   Pageid#: 476